UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---

In re:

Margaret A Trusch Boyko
aka Margaret A Trusch
aka Margaret A Boyko

Debtor

---

APPLICATION

CASE #: 8-17-71300-reg
CHAPTER 7

## AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO SECTION 362(D) OF THE BANKRUPTCY CODE

To:   Honorable Robert E. Grossman
      U.S. Bankruptcy Judge

Aleksandra K. Fugate, an attorney duly admitted to practice law in this court, affirms the following to be true, under penalties of perjury:

1. I am an associate of Woods Oviatt Gilman, LLP, attorneys for Wells Fargo Bank, N.A. ("Secured Creditor"). I am fully familiar with the facts of this case and submit this affirmation in support of the Secured Creditor's request for an order terminating the automatic stay as it pertains to the premises located at 868 Bromton Drive, Westbury, NY 11590 (the "Subject Property") pursuant to Section 362(d) of the United States Bankruptcy Code.

2. Secured Creditor is the holder of a Note executed by John P. Boyko and Margaret A. Boyko ("Debtor") in the original amount of $161,550.00 ("Note"), secured by a mortgage, which was recorded in the Nassau County Clerk's Office on August 26, 1997 at Liber 18105 of Mortgage Page 0223 ("Mortgage") covering the premises commonly known as 868 Bromton Drive, Westbury, NY 11590 (the "Subject Property"). Said Mortgage was assigned by an Assignment of Mortgage executed on August 13, 1997 and recorded in the

{5002807:4 }

Office of the Clerk of the County of Nassau on February 25, 1998 in Liber 18418 of Mortgage Page 0714. Wells Fargo Bank, N.A., the Secured Creditor, is a successor by merger to Norwest Mortgage Inc., the assignee of the loan. Said mortgage was modified by a Loan Modification Agreement dated October 22, 2001, and executed by John P. Boyko and Margaret A. Boyko. Said Modification Agreement increases the principal balance of debt to $169,548.77. A copy of the Note, Recorded Mortgage, Assignment of Mortgage, Merger Documents and Loan Modification Agreement are annexed hereto as Exhibit "A".

3. On the 6th day of March, 2017 Debtor filed a Petition under Chapter 7 of Title 11 U.S.C. §101 et seq. with this Court and an Order for Relief was duly entered.

4. The Note and Mortgage provide that John P Boyko and Margaret A Boyko will be in default if John P Boyko and Margaret A Boyko do not make full payments on each due date.

5. As of 18th day of May 2017 John P Boyko and Margaret A Boyko have failed to pay the last eighty two (82) payments due: twenty eight (28) payments due August 1, 2010 through November 1, 2012 each in the amount of $2,227.82; forty two (42) payments due December 1, 2012 through May 1, 2016 each in the amount of $2,264.75; eight (8) payments due June 1, 2016 through January 1, 2017 each in the amount of $3,607.82; four (4) payments due February 1, 2017 through May 1, 2017 each in the amount of $2,831.84 and have not cured said default.

6. A Relief From Stay – Real Estate And Cooperative Apartments Worksheet is attached hereto as Exhibit "B".

7. As of the 18th day of May 2017, there is an unpaid principal balance owed on the Note and Mortgage in the sum of $147,894.04, with interest thereon in the amount of

$73,798.23, plus escrow advances in the amount of $99,936.15, plus other recoverable fees in the amount of $3,483.33 for an estimated amount owing the Secured Creditor in the amount of $325,111.75. Interest on the unpaid balance will continue to accrue, and to protect its secured interest in the Subject Property, Secured Creditor may be required to make further advances for property taxes, insurance, and related matters.

8. On March 6, 2017, Debtor filed her Schedule A/B: Property. The Schedule A/B states the value of the Subject Property to be $525,000.00. Consequently, the estimated cost of sale of the Subject Property is $52,500.00. Additionally, Schedule D: Creditors who have claims secured by property, lists a second claim on the property in the amount of $205,856.83, which would result in no equity. A copy of the Schedule A/B is annexed hereto as Exhibit "C". A copy of the Schedule A/B and Schedule D: Creditors who have claims secured by property is annexed hereto as Exhibit "C".

9. Section 362(1) of the Bankruptcy Code Provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property...." As set forth above, cause exists to vacate the automatic stay as the Debtors have failed to make monthly mortgage payments to the Secured Creditor and there exists no equity in the Subject Property.

10. Secured Creditor will account to the trustee for any surplus received as a result of its foreclosure of the Subject Property.

11. Secured Creditor respectfully requests that the automatic stay be vacated, that the Court permit the trustee to abandon the Subject Property.

12. A copy of the proposed Order granting relief is annexed hereto as Exhibit "E".

{5002807:4 }

13. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order lifting and vacating the automatic stay to permit Secured Creditor to foreclose its Mortgage on the Subject Property and further relief as the Court deems just and proper.

DATED: May 26, 2017
Rochester, New York

/s/ Aleksandra K. Fugate, Esq.
WOODS OVIATT GILMAN LLP
Aleksandra K. Fugate, Esq.
Attorneys for Secured Creditor
700 Crossroads Building
2 State Street
Rochester, New York 14614
Telephone: 716-248-3234

{5002807:4 }